# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARGARET S. CHOATE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-06-135-FHS-SPS |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

The claimant Margaret S. Choate requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy. . . ." *Id.* § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997), *citing Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir. 1991). The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and

---

[1] Step one requires the claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish she has a medically severe impairment (or a combination of impairments) that significantly limits her ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience, and RFC. Disability benefits are denied if the Commissioner can show that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

"[t]he substantiality of [the] evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on June 13, 1966, and was thirty-eight (38) years old at the time of the administrative hearing. She has a limited seventh grade education and has worked as a transport driver, general laborer and cafeteria/hospital cook/cleaner. She alleges she has been unable to work since April 9, 2002, because of pain, stiffness and numbness in neck, shoulders, upper extremities and back; headaches; pain and numbness in her legs; and sleeping difficulties.

### Procedural History

On April 15, 2004, the claimant filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Her application was denied. Following a hearing on January 11, 2005, ALJ Thomas E. Bennett found that the claimant was not disabled in a decision dated March 25, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant was disabled from April 9, 2002 through October 6, 2003, but that her medical condition improved and she regained the residual functional capacity ("RFC") to perform

skilled light and sedentary work requiring no lifting, pushing or pulling more than five pounds, no more than occasional repetitive motion activities and no use of vibratory tools (Tr. 23). The ALJ concluded that although the claimant could not return to her past work, she was nevertheless not disabled as of October 7, 2003 because there was work she could perform existing in significant numbers in the national and regional economies, *e. g.*, information clerk, interviewer and credit authorizer (Tr. 23).

**Review**

The claimant contends that the ALJ erred: (i) by finding that she retained the RFC to perform the jobs identified by the vocational expert; (ii) by failing to properly analyze the medical evidence concerning the improvement of her condition; and, (iii) by failing to properly evaluate her credibility. The undersigned Magistrate Judge finds the first contention dispositive of this appeal.

As noted above, the ALJ found that the claimant was unable to perform "more than occasional repetitive motion activities" (Tr. 23). He determined that this limitation did not preclude the claimant from performing some of the jobs identified by the vocational expert, summarizing her testimony as follows:

> The vocational expert further testified that if individual is required to occasionally perform repetitive task during the work day (less than 1/3 of the workday), possibly job (1) would be impacted, but jobs (2) through (4) would not be significantly impacted. Finally, the vocational expert testified that if the individual is required to frequently perform repetitive task during the workday (greater than 1/3 of the workday) then all the enumerated jobs would be eliminated.

(Tr. 24.). This account of the vocational expert's testimony is mysterious to say the least. First, although it is not entirely clear, it would appear the ALJ meant to say that the vocational expert testified that some of the jobs she identified required no more than the ability to occasionally perform repetitive tasks. If so, the ALJ was clearly mistaken, because *nobody asked* the vocational expert about the performance of "repetitive task" (the terminology used by the ALJ in describing the testimony) or even about the performance of "repetitive motion activities" (the terminology used by the ALJ in assessing the claimant's RFC). Nor did the vocational expert volunteer such testimony. Second, although the vocational expert *did say* (in response to questioning by the claimant's attorney) that a limitation to only occasional "fine and gross dexterous activities" would preclude all of the jobs she identified (Tr. 297), the ALJ nowhere found that the claimant was limited to only occasional "fine and gross dexterous activities." Consequently, the record is devoid of any evidence *one way or the other* whether someone with the limitations included by the ALJ in the claimant's RFC can perform the jobs identified by the vocational expert. *See, e. g., Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("'[T]estimony elicited by hypothetical questions that do not relate with precision all of claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.'"), *quoting Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990).

The decision of the Commissioner should therefore be reversed and the case remanded to the ALJ for further proceedings. On remand, in addition to submitting hypothetical questions that include *all* of the claimant's limitations to a vocational expert, the ALJ should:

(i) more clearly identify the claimant's severe impairments *after* October 6, 2003; and, (ii) provide an analysis of the claimant's credibility that more closely comports with *Kepler v. Chater*, 68 F.3d 387 (10th Cir. 1995) and *Frey v. Bowen*, 816 F.2d 508 (10th Cir. 1987). Although the undersigned Magistrate Judge declines to recommend reversal on these latter two grounds, further analysis by the ALJ would clearly be helpful to the Court in reviewing the Commissioner's decision.

## Conclusion

The undersigned Magistrate Judge finds that incorrect legal standards were applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge hereby RECOMMENDS that the decision of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings as set forth above. The parties are herewith given ten (10) days from the date of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 24th day of September, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**